```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    **v.**                                                  **CRIMINAL NO. 2:19-CR-27-2**
                                                                             **(KLEEH)**

**THOMAS ARTHUR CICALESE,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 146]**

On March 8, 2022, Defendant Thomas Arthur Cicalese ("Cicalese") filed a motion for compassionate release [ECF No. 146]. For the reasons discussed herein, the Court **DENIES** the motion.

### I.    BACKGROUND AND PROCEDURAL HISTORY

On July 16, 2020, Cicalese pleaded guilty to Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). See ECF No. 95. On April 29, 2021, the Court sentenced Cicalese to 60 months of incarceration and 2 years of supervised release. See ECF No. 139. Due to Cicalese's age and poor medical condition, and over the Government's objection, the Court varied downward from the United States Sentencing Guidelines (the "Guidelines") in

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 146]**

imposing his sentence.[1]  Cicalese is currently incarcerated at FCI Butner Low with a projected release date of June 6, 2025.[2]

Cicalese filed a motion for compassionate release on March 8, 2022.  See ECF No. 146.  Although the Government was ordered to respond on or before April 5, 2022, it did not do so.  On May 26, 2022, the Government filed a motion for an extension of time to respond and proceeded to file a response on June 2, 2022.  For failure to show good cause, the Court **DENIES** the Government's motion for an extension and its motion to seal one of its exhibits [ECF Nos. 150, 152].  The Court further disregards Cicalese's reply to the Government's response.

## II.   CICALESE'S MOTION

Cicalese argues that the following extraordinary and compelling circumstances warrant his early release: he is 71 years old; he is suffering from a myriad of health issues including terminal illness; and his age and medical issues put him at a high risk of becoming seriously ill or dying if he contracts COVID-19. Cicalese states that FCI Butner Low has a particularly poor track record in preventing the spread of COVID-19.  If he were released,

---

[1] The sentencing range applicable to Cicalese's case was 78 to 97 months of incarceration.
[2] See https://www.bop.gov/inmateloc// (last visited July 18, 2022).

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 146]**

he could isolate by himself at his residence in French Creek, West Virginia.

Cicalese included certain medical records and a release plan in his motion. He also indicated that on October 19, 2021, he submitted a request to the warden for compassionate release based on a debilitating medical condition. The warden denied his request on December 15, 2021, concluding that Cicalese did not meet the criteria for a debilitating medical condition.

### III. DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id. Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First

Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies.³  See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  Cicalese filed his motion pro se.  For the reasons discussed herein, he has not shown that extraordinary and compelling circumstances exist, and the § 3553(a) factors weigh against his release.

### A.   Extraordinary and Compelling Circumstances

As discussed above, 18 U.S.C. § 3582(c)(1)(A) requires that a reduction in sentence be consistent with the applicable policy statement issued by the Sentencing Commission.  However, the Fourth Circuit has noted that United States Sentencing Guideline ("U.S.S.G.") § 1B1.13 is the "[t]he only policy statement that possibly could be 'applicable'" to a motion for compassionate release, and it was adopted prior to the passage of the First Step Act.  United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020).  As such, "[t]here is as of now no 'applicable' policy statement

---

³ A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).  Because the Government did not timely respond to Cicalese's motion and never raised the issue of exhaustion, the Court will not address the issue.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 146]**

governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

"[W]here the Commission fails to act, then courts make their own independent determinations of what constitutes an extraordinary and compelling reason[] under § 3582(c)(1)(A), as consistent with the statutory language, which directly instructs courts to find that extraordinary circumstances exist." Id. (citations and quotation marks omitted). The Fourth Circuit has recognized the complicated nature of determining what circumstances constitute extraordinary and compelling, along with the balancing act undertaken by the district court:

> The factors applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized. When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the

>       severity of the inmate's personal
>       circumstances, on the one hand, against the
>       needs for incarceration, on the other.

United States v. Hargrove, 30 F.4th 189, 197 (4th Cir. 2022).

Even though there is no policy statement applicable to a defendant-filed motion for compassionate release, the Fourth Circuit has recognized that the Commission's guidance "remains helpful . . . even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7. The Commission set forth four categories of "extraordinary and compelling reasons" for sentence reduction in U.S.S.G. § 1B1.13. The first three relate to medical conditions, health and age, and family circumstances. See U.S.S.G. § 1B1.13 cmt. 1(A)-(C). The fourth is the "catch-all" category, which permits a reduction if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other three categories. See id. § 1B1.13 cmt. 1(D).

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). This remains true even if an inmate's facility experiences an outbreak of COVID-19. See

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 146]**

United States v. Williams, 1:13-CR-370-4, 2020 WL 5097490, at *3 (M.D.N.C. Aug. 28, 2020) (collecting cases).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Smith, No. 21-6912, 2021 WL 5579187, at *1 (4th Cir. Nov. 30, 2021) (unpublished) (citation omitted). The Fourth Circuit has recognized that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021). It has explicitly rejected applying a "bright-line rule based on CDC risk categories" when deciding whether a medical condition qualifies as extraordinary or compelling, but CDC risk factors may be considered. Hargrove, 30 F.4th at 192.

Here, the Court finds that Cicalese has not made a showing of extraordinary and compelling circumstances. The Court recognizes that certain conditions that Cicalese claims to have — including but not limited to obesity, cirrhosis of the liver, heart conditions, and simply his age — put him at higher risk of serious

illness or death should he contract COVID-19.[4] Importantly, however, he has not shown that he is at a particularized risk of contracting the disease at FCI Butner Low. As of July 18, 2022, there are zero active inmate cases and two active staff cases of COVID-19 at FCI Butner Low.[5] Accordingly, Cicalese's risk of exposure to COVID-19 at FCI Butner Low is low and will continue to decline as even more staff and inmates are vaccinated and receive booster shots. The Court, therefore, concludes that Cicalese has not established extraordinary and compelling reasons to reduce his sentence.

### B.  Sentencing Factors Under 18 U.S.C. § 3553(a)

Even if extraordinary and compelling circumstances existed, the 18 U.S.C. § 3553(a) sentencing factors weigh against Cicalese's release. See High, 997 F.3d at 186 ("In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.").

---

[4] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 18, 2022).
[5] See https://www.bop.gov/coronavirus/ (last visited July 18, 2022).

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 146]**

Under 18 U.S.C. § 3553(a), the Court must impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. The relevant considerations include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. Id.

After reviewing the sentencing factors under 18 U.S.C. § 3553(a), the Court finds that they do not support a reduction of Cicalese's sentence. Cicalese pleaded guilty to Possession with Intent to Distribute 50 Grams or More of Methamphetamine. The parties stipulated in the plea agreement that the total drug relevant conduct was at least 1,432.5537 kg of converted drug weight. This is a substantial amount of methamphetamine, which had the potential to wreak havoc on communities in West Virginia. The negative impact of methamphetamine addiction cannot be overstated: it can and does lead to crime, violence, and death. The Court already considered Cicalese's age and health condition when it imposed his sentence in April 2021, which was, at the time, over one year into the COVID-19 pandemic. For all of these reasons, the § 3553(a) factors weigh against a sentence reduction.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 146]**

### IV.  CONCLUSION

Cicalese has failed to establish extraordinary and compelling circumstances, and the sentencing factors under 18 U.S.C. § 3553(a) weigh against his release.  For the reasons discussed above, Cicalese's motion for compassionate release is **DENIED** [ECF No. 146].

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to Cicalese via certified mail, return receipt requested.

DATED: July 22, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA